NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN ROGERS,<br><br>    Plaintiff,<br><br>    v.<br><br>ESSEX COUNTY, ESSEX COUNTY PROSECUTOR'S OFFICE, ESSEX COURT SHERIFF DEPARTMENT, CITY OF NEWARK, and the NEWARK POLICE DEPARTMENT,<br><br>    Defendants. | Civ. No. 10-3979<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

**WILLIAM J. MARTINI, U.S.D.J.**:

Plaintiff Kevin Rogers has brought this action *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1]  Pursuant to 28 U.S.C. § 1915(e)(2), the Court has reviewed the Complaint and Amended Complaint to identify cognizable claims.  For the reasons stated below, Plaintiff's Complaint and Amended Complaint are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

---

[1] This Court issued an Order granting Plaintiff's application to proceed without prepayment of fees on October 18, 2010.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 seeking damages for alleged violations of his Constitutional rights. (Am. Compl. ¶ 2.) He filed his Complaint on August 3, 2010, and later filed an Amended Complaint on October 13, 2010. The Court notes that this Plaintiff has filed numerous complaints in this Court over the last decade or so under various names, using either "Kevin" or "Kelvin" as his first name and "Rogers" or "Rodgers" as his last name. Every complaint has been dismissed by the Court for one reason or another.

Plaintiff's Amended Complaint in this case, entitled "The Maltese Falcon and The Snowman," makes a variety of claims mostly arising out of Plaintiff's arrest on or about August 4, 2008. (Am. Compl. ¶¶ 2, 25.) In addition, the Amended Complaint includes random definitions, some words in arabic, various pictures, and a variety of legal terms, rules and statutes. *See, e.g.,* Am. Compl. ¶ 4 ("The word 'Messiah' comes from the Arabic (and Hebrew) word 'Masih' which mean to transplant anthrax-worm-parasites, biological weapon agent or chemical weapons dye agents upon the head or brain..."). As best the Court can discern, Plaintiff essentially claims he was the victim of false imprisonment and malicious prosecution by various Newark and Essex County entities.[2] Specifically, he alleges that a "series of 'bogus' and 'unsworn' criminal documents were

---

[2] Named Defendants are Essex County, the Essex County Prosecutor's Office, the Essex Court Sheriff's Department, the City of Newark, and the Newark Police Department. However, within the Complaint, Plaintiff also refers to Judge Glen Grant of Essex County, the Essex County Correctional Facility, "John Doe-1" (Newark Police Department Lieutenant), "John Doe-2" (a Newark Police Officer), and "John Doe-3" (another Newark Police Officer). (Compl. ¶ 14.) The term "Defendants" will be used to refer to all of these entities.

filed by law enforcement official[s] against the plaintiff," and that he was then arrested under an unsworn warrant on or about August 4, 2008.  (Am. Compl. ¶¶ 2, 25.)  According to the warrant included in Plaintiff's Amended Complaint, he was arrested on domestic violence and aggravated assault charges after his dog attacked his daughter.  (Am. Compl. ¶ 25.)

Plaintiff also seems to allege that excessive force was used against him, that he has suffered various brain traumas, and that he was denied medical treatment while being held in the Essex County Correctional Facility.  (Am. Compl. ¶ 16.)  He claims that insects, rodents and anthrax are in his brain, due to trauma suffered during incarceration in the past, and that this and other illnesses of his were not properly treated while he was confined this time around.  (*Id.*)

While not entirely clear, it appears from the Amended Complaint that Plaintiff was held at the Essex County Correctional Facility, after his arrest on domestic violence and aggravated assault charges, from on or about August 5, 2008 until on or about October 27, 2008.  (Am. Compl. ¶ 25.)  At that point it seems he was released on bail.  (*Id.*)   He is seeking, in relief, $500,000 dollars for each day he was held in Essex County Correctional Facility.

## II.    STANDARD FOR *SUA SPONTE* DISMISSAL

Under 28 U.S.C. § 1915(e), the Court is required to review a complaint in a civil

action where the litigant is proceeding *in forma pauperis*. Specifically, the Court shall *sua sponte* dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is considered "frivolous" if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *see also Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990). Additionally, the Court is guided by the pleading standard set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) in determining whether to dismiss the complaint *sua sponte* for failing to state a claim upon which relief may be granted.

Under *Twombly*, dismissal is appropriate where the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). While the Court is mindful that a *pro se* pleading must be construed liberally in favor of the plaintiff, *see Erickson v. Pardis,* 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), the factual allegations must still be sufficient to raise a plaintiff's right to relief above a speculative level, *see Twombly*, 550 U.S. at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

4

*Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Furthermore, the Plaintiff must "provide the 'grounds' of his 'entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); *Sample v. Diecks*, 885 F.2d 1099, 1107 (3d Cir. 1989).

As best the Court can discern, the Plaintiff's Amended Complaint makes the

following claims: (1) unlawful arrest[3] based on an unsworn arrest warrant in violation of the Fourth Amendment; (2) malicious prosecution in violation of the Constitution; and (3) excessive force and denial of medical treatment in violation of the Eighth Amendment.

The Fourth Amendment provides: "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.  Here, Plaintiff includes a copy of the signed warrant in his complaint, which states that probable cause existed for the issuance of the warrant alleging domestic violence and aggravated assault by Plaintiff.  (Am. Compl. ¶ 25.)  In an attempt to invalidate the warrant, Plaintiff claims that the signature was forged. (Am. Compl. ¶ 11.)  However, Plaintiff does not allege any facts to support the allegation that the signature is a forgery.  Moreover, Plaintiff does not allege any facts disputing that probable cause in fact existed.  The warrant alleged that Plaintiff ordered his dog to attack his daughter.  Plaintiff agrees that his dog did attack his daughter, and only claims that he did not intend that the dog do so.  (Am. Compl. ¶ 25.)  Therefore, since the police did have probable cause to arrest Plaintiff since his dog had attacked his daughter, he has failed to state a claim under the Fourth Amendment.

A claim of malicious prosecution for a particular crime under § 1983 "alleges the

---

[3] While Plaintiff describes this claim as "false imprisonment," since he is challenging the sufficiency of the warrant, the Court construes this claim as one of unlawful arrest.

abuse of the judicial process by government agents." *Gallo v. City of Philadelphia*, 161 F.3d 217, 225 (3d Cir. 1998). To prove malicious prosecution under Section 1983, a Plaintiff must show that: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Johnson v. Knorr*, 477 F. 3d 75, 81-82 (3d Cir. 2007) (footnote omitted); *see also Hartman v. Moore*, 547 U.S. 250, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006). Plaintiff fails to assert facts satisfying these elements. Namely, as addressed above, Plaintiff has failed to assert facts showing the absence of probable cause. Therefore, Plaintiff's malicious prosecution claim will be dismissed for failure to state a claim upon which relief may be granted.

  Finally, Plaintiff alleges that he was subject to excessive force, suffered various brain traumas, and was denied medical treatment while being held in the Essex County Correctional Facility, in violation of the Eighth Amendment. (Am. Compl. ¶ 16.) He claims that his brain has been infected by various organisms, including insects and rodents, and that he has a brain tumor. (*Id.*) Regardless of what Plaintiff's true medical condition was at the time, he fails to allege any actual incidents of the use of force by any individual Defendant at all, let alone the use of force "for the very purpose of causing harm." *Whitley v. Albers,* 475 U.S. 312, 320, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)

7

(citation omitted).  Furthermore, he does not assert any facts showing that any individual Defendant was "deliberately indifferent to [Plaintiff's] medical needs." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  Therefore, Plaintiff has failed to state an Eighth Amendment claim.

IV.   **CONCLUSION**

For the reasons stated above, Plaintiff's Complaint and Amended Complaint are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.  An appropriate Order accompanies this Opinion.

     s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 15, 2011**